IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES DAVID; family [VanMeter], ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 21-533 (MN) |
| ) | |
| BILL FRITZLEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

James David VanMeter, Allen, TX – *Pro Se* Petitioner

David C. Weiss, United States Attorney, and Shamoor Anis, Assistant United States Attorney, Wilmington, Delaware. Counsel for Respondent

August 12, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner James David Van Meter ("Petitioner"), who appears *pro se*, filed this action as a petition for writ of mandamus. (D.I. 1). Currently pending is Respondent Bill Fritzlen's motion to dismiss, opposed by Petitioner. (D.I. 13). The matter is fully briefed.

### I. BACKGROUND

The following facts are taken from the Petition and assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Petitioner lives in Texas. (D.I. 1 at 2). This is action is brought against Bill Fritzlen, a Department of State officer in the Special Consular's Office in Washington, D.C. (*Id*. at 3). The Petition asserts jurisdiction by reason of U.S.C. Title 22-Foreign Relations and Intercourse. (*Id*.).

Petitioner "declares he is a citizen held hostage/imprisoned by a foreign government" by "*i.e.* the rogue Delaware Corporation, the State of Texas and its agents and Shamoil Shipchandler" all of whom do not have a congressional mandate to do so. (*Id*. at 2-3). It goes on to allege that the State of Texas is operating against the laws of Delaware. (*Id. a*t 3). Petitioner asks the Court is issue a Writ of Mandamus or, in the alternative, to procure his unconditional release. (*Id*. at 1).

Respondent moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (D.I. 13).

### II. LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*,

800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the petitioner's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the petitioner's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III.     DISCUSSION

Respondent moves for dismissal for lack of subject matter jurisdiction on the grounds that the District of Delaware is not Petitioner's district of confinement; he did not identify any state court proceedings seeking habeas relief and this Court lacks jurisdiction due to Petitioner's failure to exhaust state court remedies; and he seeks relief from the wrong party. In turn, Petitioner responds that he is not incarcerated at this time, having been released from incarceration in 2011; a void order may be circumvented by collateral attack or remedied by mandamus; he filed his petition for a writ of mandamus due to extreme bias and prejudice of a judge against Petitioner and his family. (D.I. 14 at 3). Petitioner contends this Court is "the proper court to raise claims of want/lack of jurisdiction and void orders from contractual matters involving their foreign relations matters, and the impossibility of getting a fair hearing in the corporations courts of the corporation for profit, state of Texas, and its lesser corporate administrators, of the U.S. District Court for the Eastern District of Texas." (*Id*. at 4). Petitioner states that he was unlawfully incarcerated to pay a debt (crime) created by the State of Texas and refers to *United States v. Van Meter*, 4:06-cr-00066-RAS-DDB-1 (E.D. Tex.), a case where Petitioner was convicted of two counts of the offense of willful failure to file a tax return, sentenced to a term of imprisonment, assessed fines, and ordered to pay restitution. Petitioner argues the debt is "void under a void default judgment"

because the United States District Court for the Eastern District of Texas lacked jurisdiction over him. (*Id.* at 4-5) .

In light of Petitioner's response, Respondent argues that the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief can be granted and, if he is not in custody, it is unclear what relief Petitioner seeks.

To the extent Plaintiff seeks a petition for a writ of mandamus, the allegations fall short. Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976)*; see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

The Petition fails to show that Respondent, a State Department employee, owes any duty to Petitioner. Nor does the Petition demonstrate the lack of any other adequate remedy. Indeed,

to the extent Petitioner seeks release from custody,[1] he has the option of seeking habeas relief by filing a petition for writ of habeas corpus.

To the extent Petitioner seeks relief in the form of release from custody from the State of Texas, there is no indication that Petitioner was convicted and/or sentenced in Delaware. A petitioner may bring his application for a writ of habeas corpus "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). "The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This Court does not have jurisdiction to grant the relief Petitioner seeks.

In addition, Respondent cannot provide Petitioner the relief he seeks. The proper respondent in a habeas petition is "the person who has custody over the petitioner." *Rumsfeld*, 542 U.S. at 434. The Petition does not alleges that Respondent is that person. Rather, it alleges that he is an employee of the Department of State in Washington, D.C.

Petitioner seems to seek release from continued custody or imprisonment and nothing else. To the extent Petitioner seeks relinquishment of his responsibility to pay court ordered fines, Petitioner's remedy does not lie in this court, but in the Court that ordered payment of those fines. Finally, to the extent Petitioner seeks other forms of relief, they are not identified in the Petition.

---

[1] In his petition, Petitioner asks the Court to issue a Writ of Mandamus or, in the alternative, to procure his unconditional release. (D.I. 1). In his reply, however, Petitioner represents that he is not in custody and was released in 2011. (D.I. 14). As it is unclear what relief Petitioner is seeking, the Court addresses each issue raised by Petitioner in his petition.

As pled, the Petition fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Respondent's motion to dismiss will be granted. It is not plausible that Plaintiff may be able to articulate a claim against Respondent and, therefore, this Court finds amendment futile.

### IV.     CONCLUSION

For the above reasons, the Court will grant Respondent's motion to dismiss. (D.I. 13). Amendment is futile.

An appropriate order will be entered.